Gary D. **FONNER**, Petitioner,

v.

**W.J. THOMPSON, Warden, F.C.I. Morgantown, West Virginia,** Respondent.

**Civil Action No. 1:96–CV–26.**

United States District Court, N.D. West Virginia.

Jan. 29, 1997.

Gary D. Fonner, Morgantown, WV, pro se.

William D. Wilmoth, United States Attorney, Daniel W. Dickinson, Jr., Assistant United States Attorney, Morgantown, WV, Darrell C. Waugh, Attorney Federal Bureau of Prisons, Mid–Atlantic Regional Office, Federal Bureau of Prisons, Annapolis Junction, MD, for respondent.

### *MEMORANDUM OPINION AND ORDER*

KIDD, Senior District Judge.

Currently pending is the petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Since there exist no material questions of fact but only questions of law which have been fully briefed, the Court finds there is no need for an evidentiary hearing and will proceed with final disposition based upon the record before it.

Petitioner is currently incarcerated at the Federal Correctional Institution in Morgantown, West Virginia ("FCI Morgantown"), serving a 52 month sentence following his conviction in the Southern District of West Virginia for Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). Petitioner's projected release date is April 26, 1997, via good-conduct release.

On or about June 23, 1995, petitioner successfully completed a Residential Substance Abuse Treatment Program ("Drug Program") as contemplated by 18 U.S.C. § 3621(e). However, petitioner was denied the one year reduction in his sentence under 18 U.S.C. § 3621(e)(2)(B) because it was determined that he was not convicted of a nonviolent offense. Specifically, under the Bureau of Prisons ("BOP") guidelines, petitioner's offense was found to be a crime of violence. Petitioner challenged this decision and has exhausted all available BOP remedies. Said matter is properly before this Court.

Section 32001 of the Violent Crime Control and Law Enforcement Act of 1994 ("VCCLEA"), codified at 18 U.S.C. § 3621(e)(2)(B), provides as follows:

> **Period of custody.**—The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

Thus Congress granted to the BOP a discretionary power to provide remedial relief of up to a one year reduction in an inmate's sentence upon successful completion of the Drug Program, provided the inmate was convicted of a nonviolent offense. Congress, though, provided no definition of what constituted a nonviolent offense.

The BOP proceeded to define "nonviolent offense" in the converse. The BOP issued Program Statement ("PS") 5330.10 which provided that if an inmate's offense is determined to be a crime of violence as defined in 18 U.S.C. § 924(c)(3), then the inmate would

be ineligible for the one year reduction. 28 C.F.R. § 550.58. Crime of violence is defined in 18 U.S.C. § 924(c)(3) as:

[A]n offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

To further interpret and explain what constitutes a crime of violence, in order to establish uniform and equal application of this definition to each inmate's specific case, the BOP adopted PS 5162.02 which is an exhaustive list of criminal offenses found to be crimes of violence: (1) in all cases (Section 7); (2) depending on the base offense level assigned (Section 8); (3) depending on the specific offense characteristic assigned (Section 9); and (4) depending on a variety of factors (Section 10).

Section 7, which applies to petitioner, provides that a conviction under 18 U.S.C. § 922(g)(1) would be considered a crime of violence in all cases. Applying PS 5162.02(7), petitioner was denied eligibility for the one year reduction. Petitioner now seeks to have PS 5162.02(7) declared void and be granted a one year reduction in his sentence under 18 U.S.C. § 3621(e)(2)(B).

Congress, in enacting 18 U.S.C. § 3621(e)(2)(B), granted the BOP, in its discretion, the authority to reduce, up to one year, the sentence of an inmate under its custody, provided the inmate was convicted of a nonviolent offense. Furthermore, Congress exempted BOP determinations, decisions, and orders carrying out this remedial statute from judicial review under the Administrative Procedure Act ("APA"). 18 U.S.C. § 3625.

■ To carry out its Congressional directive, the BOP, as previously delineated, interpreted the term "nonviolent offense."

But BOP's internal agency guideline, which is akin to an "interpretive rule" that "do[es] not require notice-and-comment," *Shalala v. Guernsey Memorial Hospital,*

514 U.S. 87, ——, 115 S.Ct. 1232, 1239, 131 L.Ed.2d 106 (1995) is still entitled to some deference, *cf. Martin v. Occupational Safety and Health Review Comm'n,* 499 U.S. 144, 157, 111 S.Ct. 1171, 1179, 113 L.Ed.2d 117 (1991), since it is a "permissible construction of the statute." *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984).

*Reno v. Koray,* —— U.S. ——, ——, 115 S.Ct. 2021, 2027, 132 L.Ed.2d 46 (1995). The Court finds the BOP's interpretation to be a "permissible construction of the statute."

The possession of a firearm by a convicted felon clearly, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." In fact, as stated in Petitioner's Exhibit "I", the Petitioner's Presentence Report, "the victim of the [petitioner's] offense underwent the amputation of his leg as a result of the injury he received from the [petitioner]." Therefore, it is entirely reasonable and certainly not arbitrary for the BOP to equate gun possession by a convicted felon with violence, thus supporting its interpretation of not being a "nonviolent offense."

Petitioner relies mainly upon the argument that the BOP can only look at the statutory elements of the crime for which he was convicted. Under his theory, none of the statutory elements for a conviction under 18 U.S.C. § 922(g)(1) satisfy the "crime of violence" definition under 18 U.S.C. § 924(c)(3). *See Downey v. Crabtree,* 100 F.3d 662 (9th Cir.1996). The United States Supreme Court, the Fourth Circuit, and the Sentencing Commission have taken this approach in determining whether an offense would be "a crime of violence" as defined by 18 U.S.C. § 924(c)(3). *See Stinson v. United States,* 508 U.S. 36, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993) (Amendment 433, which looks at only the conduct charged in the count of conviction in determining whether an offense is a "crime of violence," does not run afoul of the Constitution or a federal statute, and it is not "plainly erroneous or inconsistent" with § 4B1.2.); *Taylor v. United States,* 495 U.S. 575, 600–602, 110 S.Ct. 2143, 2159–2160, 109

L.Ed.2d 607 (1990) (A court should look only to the statutory definition of the offense and not to the particular facts underlying the offense.); *United States v. Johnson,* 953 F.2d 110, 115 (4th Cir.1991) ("We hold, therefore, that the offense, felon in possession of a firearm, in absence of any aggravating circumstances charged in the indictment, does not constitute a per se 'crime of violence' under the provisions of U.S.S.G. § 4B1.2."); *cf. United States v. Hairston,* 71 F.3d 115, 117 (4th Cir.1995) ("We must make 'common sense judgments about whether a given offense proscribes generic conduct with the potential for serious physical injury to another'".). However, those cases are not on point because they were applying a criminal statute or a Federal Sentencing Guideline for a defendant's sentencing, not a remedial post-sentencing early release statute. The former are to be narrowly construed in favor of the accused. *See United States v. Sheek,* 990 F.2d 150, 152–53 (4th Cir.1993).

■ In the case *sub judice,* the Court has a remedial statute which provides early release for an inmate who has been convicted and sentenced, with the decision to do so left by Congress solely to the discretion and expertise of the BOP, with a cautious eye toward the public safety and welfare. "Legal and policy considerations that might be relevant to interpreting a sentencing statute do not necessarily apply when deciding which prisoners might be eligible for an early return to the community." *Crooker v. Morris,* No. 95–2820, 1996 WL 608553, at *5 (D.N.J. Oct. 17, 1996). Therefore, a conviction that may not have been classified as a crime of violence for determination of sentencing enhancements by the sentencing court, does not preclude subsequent classification of the conviction as crime of violence by the BOP for a convicted felon seeking early release.

As we have often stated, provided an agency's interpretation of its own regulations does not violate the Constitution or a federal statute, it must be given "controlling weight unless it is plainly erroneous or inconsistent with the regulation."

*Stinson v. United States, supra* at 45, 113 S.Ct. at 1919 (Citation omitted). Because the Court finds PS 5162.02(7) is not "plainly

erroneous or inconsistent with" either 18 U.S.C. § 3621(e)(2)(B) or 28 C.F.R. § 550.58, it must be given "controlling weight."

Furthermore, in § 50001 of the VCCLEA, Congress, in providing remedial opportunities for "offenders with substance abuse problems who are not violent offenders," defines violent offender as a person who "carried, possessed, or used a firearm or dangerous weapon" during the course of an offense. 42 U.S.C. § 3796ii–2(1). Clearly, if Congress saw fit in one section of the VCCLEA to classify possession of a firearm or other dangerous weapon as violent, it was reasonable for the BOP to do so in another section of VCCLEA. *See Gozlon–Peretz v. United States,* 498 U.S. 395, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991) ("It is not uncommon to refer to other, related legislative enactments when interpreting specialized statutory terms," since Congress is presumed to have "legislated with reference to" those terms); *Reno v. Koray, supra* at ——, 115 S.Ct. at 2025.

Petitioner also relies upon the decision *Wiggins v. Wise,* 951 F.Supp. 614 (S.D.W.Va. 1996) wherein Judge Faber deemed PS 5162.02(9) void, finding that the BOP had failed to comply with the APA's notice and comment provisions. The Court declines to follow Judge Faber's holding and apply it to PS 5162.02(7), because the BOP has been exempted from the requirements of the APA in this matter. 18 U.S.C. § 3625.

■ Assuming *arguendo* that the BOP was subject to the APA regarding its ruling making, the Court would still uphold PS 5162.02(7) because it is an interpretive rule. Clearly, PS 5162.02(7) is no more "legislative" than Amendment 433 of the Federal Sentencing Guidelines which was held in *Stinson v. United States, supra.* at 42, 113 S.Ct. at 1917, to be "interpretive and explanatory of the Guideline defining 'crime of violence.'"

Thus, the guidelines are the equivalent of legislative rules adopted by federal agencies. The functional purpose of commentary (of the kind at issue here) is to assist in the interpretation and application of those rules, which are within the Commis-

sion's particular area of concern and expertise and which the Commission itself has the first responsibility to formulate and announce. In these respects this type of commentary is akin to an agency's interpretation of its own legislative rules.

*Stinson v. United States, supra.* at 45, 113 S.Ct. at 1919. The Court went on to find Amendment 433 to be proper and binding because it "does not run afoul of the Constitution or a federal statute, and it is not 'plainly erroneous or inconsistent' with [the Guideline]." *Stinson v. United States, supra.* at 47, 113 S.Ct. at 1920. As was the case in *Stinson,* PS 5162.02(7) is "interpretive and explanatory of the [BOP's legislative rule] defining 'crime of violence'" and it "does not run afoul of the Constitution or a federal statute, and it is not 'plainly erroneous or inconsistent' with [the BOP's legislative rule]." Accordingly, PS 5162.02(7) is proper and binding. *See Reno v. Koray, supra* at ——, 115 S.Ct. at 2027 ("BOP's internal agency guideline, which is akin to an 'interpretive rule' that 'do[es] not require notice-and-comment.'").

 Consequently, the Court finds that BOP's interpretation of 18 U.S.C. § 3621(e)(2)(B) and its application to the petitioner are lawful and proper. Furthermore, a denial of a reduction of sentence under 18 U.S.C. § 3621(e)(2)(B) does not deny petitioner of a liberty interest cognizable under the Due Process clause. The statute is discretionary and is not a "dramatic departure from the basic conditions" of petitioner's sentence. *Sandin v. Conner,* —— U.S. ——, ——, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995). *See Piccolo v. Lansing,* 939 F.Supp. 319 (D.N.J.1996); *Sesler v. Pitzer,* 926 F.Supp. 130 (D.Minn.1996).

Petitioner also claims that PS 5110.11, which likewise defines his crime as a crime of violence for purposes of public notification under 18 U.S.C. § 4042(b), is wrong. For reasons previously discussed, the Court finds that PS 5162.02 is also proper.

Accordingly, the Court finds that the petitioner is not being held in violation of the laws or Constitution of the United States of America. Therefore, his petition pursuant to 28 U.S.C. § 2241 is hereby DENIED and DISMISSED with prejudice.

It is so ORDERED.

It is further ORDERED that all pending motions be DENIED as moot.

Judgment shall be entered accordingly, and this action shall be DISMISSED and removed from the docket of the Court.

The Clerk is directed to mail a certified copy of this Memorandum Opinion and Order to the petitioner and to counsel of record.