Shawn PARSONS, Petitioner–Appellant,

v.

Percy PITZER, Respondent–Appellee.

No. 97–1945.

United States Court of Appeals,
Seventh Circuit.

Argued May 11, 1998.

Decided July 24, 1998.

Thomas L. Shriner, Jr., Kevin Banasik (argued), Foley & Lardner, Milwaukee, WI, for Petitioner–Appellant.

David E. Jones (argued), Office of the United States Attorney, Madison, WI, for Respondent–Appellee.

Before BAUER, FLAUM, and MANION, Circuit Judges.

BAUER, Circuit Judge.

Shawn Parsons filed a petition for writ of habeas corpus in the district court pursuant to 28 U.S.C. § 2241, challenging the Federal Bureau of Prisons' determination that he is not eligible for early release pursuant to 18 U.S.C. § 3621(e)(2)(B). The district court denied the petition, and Parsons now appeals. We affirm.

## BACKGROUND

Shawn Parsons pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and was sentenced to 70 months imprisonment. He is currently serving his sentence at the Federal Correctional Institute in Oxford, Wisconsin. In October of 1996, Parsons enrolled in the prison's drug abuse treatment program and requested the Federal Bureau of Prisons ("BOP") to review his eligibility for early release under 18 U.S.C. § 3621(e)(2)(B).[1] Parsons successfully completed the drug abuse treatment program, but the BOP determined that he was not eligible for early

---

1. In 1994, Congress enacted the Violent Crime Control and Law Enforcement Act and created an early release program, which granted discretionary authority to the Bureau of Prisons to reduce an inmate's sentence up to one year upon the successful completion of a qualifying residential drug abuse treatment program, provided the inmate was convicted of a nonviolent offense. The statute provides, in relevant part:

PERIOD OF CUSTODY.—The period a prisoner convicted of a *nonviolent* offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such a reduction may not be more than one year from the term the prisoner otherwise must serve.

18 U.S.C. § 3621(e)(2)(B) (emphasis added).

release because his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), constitutes a "crime of violence." Pursuant to the statutory requirements, only inmates convicted of nonviolent crimes are eligible for early release.

After exhausting his administrative remedies, Parsons filed a *pro se* petition for writ of habeas corpus in the district court pursuant to 28 U.S.C. § 2241, claiming that the BOP exceeded its delegated authority by interpreting the statutory term "nonviolent offense" to exclude the offense of possession of a firearm by a felon. The district court deferred to the BOP's construction of the statutory term and its determination that every conviction for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g), constitutes a "crime of violence" for purposes of determining an inmate's eligibility for early release pursuant to 18 U.S.C. § 3621(e)(2)(B). The district court concluded that the BOP's interpretation and its conclusion were reasonable and, therefore, denied the petition.

Parsons now appeals, arguing that the district court erred in its decision to defer to the BOP's determination that every offense of conviction under 18 U.S.C. § 922(g) for a felon in possession of a firearm constitutes a "crime of violence" for the purpose of determining an inmate's eligibility for the early release program authorized by 18 U.S.C. § 3621(e)(2)(B). He claims that the BOP exceeded its authority in implementing the early release program, asserting that: (1) its interpretation of the term "nonviolent offense" is contrary to the plain language of 18 U.S.C. § 3621; (2) Program Statement 5162.02 contains an overly broad interpretation of the term "crime of violence" and is inconsistent with the statutory regulation, 28 C.F.R. § 550.58, it purports to interpret; and (3) Program Statement 5162.02 is invalid because the BOP failed to comply with the public notice and comment procedures required by the Administrative Procedure Act. We now turn to the issues presented for review.

## Analysis

We review the district court's legal conclusions de novo in the denial of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir.1997). However, our review of the Bureau's determinations is limited because an agency's efforts to fill the gaps left by Congress are entitled to some deference. *Reno v. Koray*, 515 U.S. 50, 61, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995). It is well-established that "if a statute is unambiguous, the statute governs; if, however, Congress' silence or ambiguity has 'left the gap for the agency to fill,' courts must defer to the agency's interpretation so long as it is 'a permissible construction of the statute.'" *Stinson v. United States*, 508 U.S. 36, 44, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993) (quoting *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)).

■ Parsons argues that the Bureau exceeded its delegated authority because its definition and interpretation of the term "nonviolent offense" is inconsistent with the plain language of the statute and the plain meaning of the term. The district court, however, disagreed and concluded that the Bureau's interpretation was reasonable and that the BOP did not exceed its delegated authority in its decision. We agree with the district court's conclusion that the BOP's interpretation is a permissible construction of the statute. The district court relied on the Supreme Court's decision in *Stinson v. United States* to support its ruling. In *Stinson*, the Court determined that courts cannot use a defendant's conviction for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) as a predicate crime of violence in applying United States Sentencing Guideline § 4B1.2. 508 U.S. at 61, 113 S.Ct. 1920. That conclusion, however, does not require the BOP to define a violation of 18 U.S.C. § 922(g) in the same way as the United States Sentencing Commission defined the term for purposes of 18 U.S.C. § 3621(e)(2)(B) and its regulations; so long as the agency's interpretation is a permissible construction of the statute, courts must defer to that interpretation. *Id.* at 44, 113 S.Ct. 1913.

As an initial matter, we note that Congress vested *discretionary* authority with the BOP to determine an inmate's eligibility for early release pursuant to 18 U.S.C. § 3621(e)(2)(B) and imposed only two restrictions: (1) only prisoners convicted of nonviolent offenses are eligible for early release; and (2) an inmate's sentence may be reduced by no more than one year. In fact, mere eligibility to be considered for a sentence reduction does not require the BOP to grant the relief the prisoner seeks; "[e]ligibility is not an entitlement." *Bush v. Pitzer*, 133 F.3d 455, 457 (7th Cir.1997). The BOP has the discretion "to distinguish among statutorily 'eligible' prisoners on sensible grounds." *Id.* at 458. Moreover, Congress did not include a statutory definition for the term "nonviolent offense" as used in 18 U.S.C. § 3621(e)(2)(B), an indication that it intended the BOP to determine those offenses that qualify as nonviolent offenses and those offenses to be excluded.

 In reaching its decision, the BOP relied, in part, upon the statutory regulation set forth in 28 C.F.R. § 550.58, which provides further clarification of the eligibility requirements for early release under 18 U.S.C. § 3621(e)(2)(B). The version of this regulation in effect at the time the BOP considered Parsons' application stated that inmates are not eligible for early release if their offense of conviction "is determined to be a crime of violence as defined by 18 U.S.C. § 924(c)(3)," notwithstanding their participation in and successful completion of a qualifying drug treatment program.[2] Section 924(c)(3), in turn, defines the term "crime of violence" as:

An offense that is a felony and:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). In order to promote uniform administration of the early release program, the BOP also issued an internal policy statement, Program Statement 5162.02, which lists numerous offenses and categorizes each crime as either (1) a crime of violence in all cases or (2) a crime of violence in some cases depending upon the facts of each specific case. *See* Bureau of Prisons Program Statement 5162.02, Definition of Term Crime of Violence. Under this program statement, the offense of conviction for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) is categorized as a crime of violence in all cases. It is this categorization of possession of a firearm by a felon as a crime of violence in all cases that Parsons claims contravenes the plain meaning of the term. He argues that mere possession of a firearm does not qualify as a violent crime in all cases. Thus, he contends that because possession cannot be considered a violent crime, he has been convicted of a "nonviolent offense" under the plain meaning of the statute and is therefore eligible for early release.

Although Parsons may suggest a plausible interpretation of the statutory term at issue, his is not the only interpretation that is permissible. Congress vested the BOP with the discretion to adopt any *reasonable* definition of a "nonviolent offense" as used in 18 U.S.C. § 3621(e)(2)(B), and we are not persuaded by petitioner's arguments that the Bureau's interpretation contravenes the plain language of the statute. To the contrary, we find the BOP's interpretation of the term "nonviolent offense" to be a permissible and reasonable construction of 18 U.S.C. § 3621(e)(2)(B). *See Love v. Tippy*, 133 F.3d 1066 (8th Cir.1998). We agree with the dis-

---

**2.** After Parsons had completed the treatment program and had filed this petition, the Bureau of Prisons amended 28 C.F.R. § 550.58 by deleting the reference to 18 U.S.C. § 924(c)(3). The Bureau recognized that because of differences in application of case law among the various federal courts, certain crimes would not be clearly covered by a definition which references 18

U.S.C. § 924(c)(3) to define the term "crime of violence." The current version of the regulation states that "inmates whose current offense is a felony ... that involved the carrying, *possession*, or use of a firearm" are not eligible for early release. *See* 28 C.F.R. § 550.58 (1998) (emphasis added).

trict court's conclusion that the Bureau, as an agency independent of the Sentencing Commission, has the authority, as designated by Congress, to define those statutory terms that are not defined in 18 U.S.C. § 3621 to the extent that it does not exceed its delegated authority. Given the substantial risk of danger and the inherently violent nature of firearms, particularly firearms in the possession of a convicted felon, there is nothing unreasonable about the BOP's decision to classify a conviction for possession of a firearm by a felon as "a crime of violence in all cases" for purposes of determining an inmate's eligibility for early release. *See United States v. Alvarez*, 914 F.2d 915, 918 (7th Cir.1990).

■ Parsons also contends that Program Statement 5162.02 is inconsistent with 28 C.F.R. § 550.58, arguing that the program statement unlawfully expands the definition of a "crime of violence" as defined by 18 U.S.C. § 924(c)(3). This argument is without merit. "[P]rovided an agency's interpretation of its own regulations does not violate the Constitution or a federal statute, it must be given 'controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" *Stinson*, 508 U.S. at 45, 113 S.Ct. 1913 (quoting *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945)). The BOP's program statements are internal agency interpretations of its statutory regulations. Program Statement 5162.02 specifically interprets 28 C.F.R. § 550.58; it lists numerous offenses and categorizes them as either crimes of violence in all cases or crimes of violence in some cases depending upon the facts in a particular case. To ensure administrative uniformity, this program statement categorizes certain offenses of conviction for purposes of identifying the nature of an inmate's crime to determine his eligibility for early release. Program Statement 5162.02 specifically lists a violation of 18 U.S.C. § 922(g) as a crime of violence in all cases. The BOP's program statement does not expand the definition of the term "crime of violence" as that term is used in 18 U.S.C. § 924(c)(3); rather it identifies those crimes that fall within either category of crimes of violence. There is nothing inconsistent with the Bureau's regulation as compared to its interpretation of that regulation, as articulated in the program statement. The BOP's interpretation does not violate either the Constitution or a federal statute, and therefore we must give the agency's interpretation its due deference.

■ The final argument we briefly address is Parsons' contention that the BOP's interpretation is unenforceable because Program Statement 5162.02, upon which the Bureau relied to make its determination, is invalid. Parsons claims that the program statement is a legislative rule, which is subject to the rulemaking procedures of the Administrative Procedure Act, rather than an internal agency policy statement, which is not subject to the public notice and comment procedures of the Act. This argument is meritless. The program statement in question is an internal agency statement of explanation that is consistent with the regulation it clarifies; it merely lists certain crimes and identifies them as crimes of violence in all cases or in some cases. Program Statement 5162.02 is not a substantive rule subject to the Administrative Procedure Act, and even though this statement is not entitled to as much deference as published regulations promulgated pursuant to the rigors of the Act, as the Supreme Court recognized in *Reno v. Koray* an agency's interpretations of its regulations are entitled to some deference. 515 U.S. at 61, 115 S.Ct. 2021.

In sum, we are not persuaded that the Bureau of Prisons exceeded its delegated authority nor are we convinced that the BOP acted unreasonably in its decision to define all convictions for possession of a firearm by a felon as crimes of violence. *See Chevron*, 467 U.S. at 842–43, 104 S.Ct. 2778. Given the substantial risk of danger and the inherently violent nature of firearms, particularly firearms in the possession of a convicted felon, there is nothing unreasonable about the BOP's determination that an inmate convicted of being a felon in possession of a firearm will not be eligible for early release pursuant to 18 U.S.C. § 3621(e)(2)(B), notwithstanding successful completion of a drug abuse treatment program.

CONCLUSION

We AFFIRM the district court's denial of Parsons' petition for writ of habeas corpus.