UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 28, 2005[*]
Decided September 28, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-1716

| | |
|---|---|
| JOSHUA K. BOYER, *Petitioner-Appellant*, | Appeal from the United States District Court for the Central District of Illinois |
| v. | |
| | No. 04-1250 |
| RICK V. VEACH,[**] *Respondent-Appellee.* | Joe Billy McDade, *Judge.* |

**O R D E R**

Federal inmate Joshua Boyer petitioned for a writ of habeas corpus under 28 U.S.C. § 2241, challenging a disciplinary conviction. The district court denied the petition, and we affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

[**] Pursuant to Fed. R. App. P. 43(c), Rick V. Veach is substituted for his predecessor, Suzanne R. Hastings, as Warden of the Federal Correctional Institution in Pekin, Illinois.

The facts are undisputed.  Almost immediately after arriving at the Federal Correctional Institution in Pekin, Illinois, Boyer began experiencing problems with other inmates, in particular Arnold Haskins.  Eventually Haskins attacked Boyer, who fought back.  Both men were placed in administrative segregation.  When later interviewed by a prison guard about the fight, Boyer admitted that he fought back to defend himself.  Prison officials then charged Boyer with fighting in violation of 28 C.F.R. § 541.13, Code 201.

A disciplinary committee initially conducted a hearing to address the fighting, and over Boyer's claim that he fought in self-defense, recommended a punishment of 30 days in disciplinary segregation and the loss of 27 days of earned-credit time.  The matter was then referred to a Discipline Hearing Officer for a formal hearing.  Boyer repeated his contention that he was not guilty of fighting because he hit Haskins to defend himself.  The hearing officer disagreed, explaining that the prohibition against fighting allows no exception for self-defense.  The hearing officer added, however, that Boyer's self-defense claim was grounds to reduce his punishment to 15 days in segregation (which was suspended) and the loss of 14 days of earned-credit time.

On appeal Boyer renews his contention that self-defense should be recognized as a complete defense to fighting in prison.  We review the district court's denial of Boyer's § 2241 petition de novo.  *See Parsons v. Pitzer*, 149 F.3d 734, 736 (7th Cir. 1998).

The government does not dispute that federal prisoners have a protected liberty interest in earned good-time credits; nor does it dispute that prison officials must afford the minimum requirements of due process before revoking those credits.  *See Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001).  Due process requires, among other guarantees, the presence of "some evidence" in the disciplinary hearing record to support the outcome.  *See Superintendent, Mass. Corr. Inst., Wapole v. Hill*, 472 U.S. 445, 455 (1985); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003).  According to Boyer, the "some evidence" standard cannot be met if the inmate acted in self-defense, but as the district court noted, we have previously held that the Due Process Clause does not require prison administrators to entirely excuse disciplinary violations on the basis of self-defense.  *Rowe v. DeBruyn*, 17 F.3d 1047, 1054 (7th Cir. 1994).  Boyer was permitted to argue self-defense in mitigation, and that was enough to satisfy any due process concern.  *See id.*

AFFIRMED.