David Ray **HICKS**, Petitioner,

v.

**FEDERAL BUREAU OF PRISONS and John Lamanna, Warden FCI Edgefield, Respondents.**

Civil Action No. 0:08–1911–HFF–PJG.

United States District Court, D. South Carolina, Rock Hill Division.

March 16, 2009.

David Ray Hicks, FCI Edgefield, Edgefield, SC, pro se.

Beth Drake, U.S. Attorneys Office, Columbia, SC, for Respondents.

## ORDER

HENRY F. FLOYD, District Judge.

This case was filed as a 28 U.S.C. § 2241 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondents' motion to dismiss the petition be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

█ The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber,* 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 25, 2009, and the Clerk of Court entered Petitioner's objections to the Report on March 9, 2009.

In his petition and his objections, Petitioner's primary argument is that his conviction for possession of a firearm in connection with a drug-related crime under 18 U.S.C. § 924(c)(1)(A)(i) should not by itself render Petitioner ineligible for early release consideration pursuant to 18 U.S.C. § 3621(e). This statute allows the Bureau of Prisons (BOP) to reduce an inmate's incarceration time if he or she successfully completes a drug treatment program.[1] Although, according to Petitioner, he has successfully completed the treatment program, the BOP has refused to consider him for early release because he was convicted of violating 18 U.S.C. § 924(c), which the BOP categorically treats as a crime disqualifying a prisoner from early release.

---

1. The relevant portion of the statute authorizing early release consideration states: "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction *may* not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B) (emphasis added).

■ Petitioner first argues that he should be eligible for early release consideration because he was convicted under § 924(c) for *possession* of a firearm only and not for the use or brandishing of a firearm during a drug trafficking crime. Petitioner admits that if he had "used" a firearm, then he would be ineligible for the sentence reduction under § 3621(e). In other words, Petitioner argues that possession of a firearm is not as dangerous an action as use of a firearm and should not be punished the same. Petitioner's argument misconstrues the BOP regulation[2] at issue. Specifically, that regulation excludes from early release consideration inmates whose current offense includes, among other things, "an offense that involved the carrying, *possession,* or use of a firearm or other dangerous weapon or explosives." 28 C.F.R. § 550.55.[3] Thus, under the clear language of the regulation, even though Petitioner may have been convicted of possession only, he is still categorically excluded from early release consideration.

■ Perhaps anticipating this outcome, Petitioner focuses most of his objections on the validity of the BOP regulation itself. He contends that § 924(c) was improperly categorized as a violent crime for purposes of the regulation. Although technically correct insofar as most courts have classified the offense, this defect was explained by the BOP in its December 2000 revisions to the regulation. The BOP noted, "even as the Bureau concedes that offenses related to this regulation are 'non-violent' offenses, the implementing statute does not mandate that all 'non-violent' offenders must receive an early release. The statute merely indicates that the sentence *may* be reduced by the Bureau of Prisons." Drug Abuse Treatment: Early Release Consideration, 65 Fed.Reg. 80745, 80747 (Dec. 22, 2000) (emphasis added).

More importantly, in *Lopez v. Davis,* 531 U.S. 230, 242, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001), the Supreme Court upheld the regulation at issue as a valid exercise of the BOP's discretion. The Court stated,

> In this familiar situation, where Congress has enacted a law that does not answer "the precise question at issue," all we must decide is whether the Bureau, the agency empowered to administer the early release program, has filled the statutory gap "in a way that is reasonable in light of the legislature's revealed design." We think the agency's

**2.** Generally, "regulation" and "rule" are used interchangeably in the administrative law context and both refer to the product of "rulemaking." *See* 73 C.J.S. *Public Administrative Law and Procedure* § 166 (2008) (discussing what constitutes a rule or regulation). However, throughout this Order, the Court will use "regulation" when referring to a specific enumerated "regulation" in the Code of Federal Regulations and "rule" to refer to the agency's explanation of its enumerated regulations, which resulted from the rulemaking process.

**3.** The regulation at issue, 28 C.F.R. § 550.58, has very recently been modified slightly and moved to § 550.55. However, the language defining inmates who are ineligible for the reduction remains essentially the same.

Nonetheless, because this change becomes important below, the two versions are reproduced here:

*Former version* 28 C.F.R. § 550.58(a): "As an exercise of the discretion vested in the Director for the Federal [BOP], the following categories of inmates are not eligible for early release: ... (vi) Inmates whose current offense is a felony: ... (B) That involved the carrying, possession or use of a firearm or other dangerous weapon or explosives ..."

*Current version:* 28 C.F.R. § 550.55(b): "As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release: ... (5) Inmates who have a current felony conviction for: ... (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives ..."

interpretation is reasonable both in taking account of preconviction conduct and in making categorical exclusions.

(citations omitted). Thus, in light of *Lopez* and the discretion conferred on the BOP by Congress, Petitioner's objection as to the inclusion of § 924(c) in the list of disqualifying offenses is without merit.

Next, Petitioner disagrees with the Magistrate Judge that *Lopez* actually upheld the regulation at issue in this case. In doing so, however, he relies heavily on statements made by the dissenting justices. Such statements are, by definition, the view of the minority and are not binding on this Court. The *Lopez* majority, interpreting the same regulation at issue in this case, clearly held that "the regulation is a permissible exercise of the Bureau's discretion under 18 U.S.C. § 3621(e)(2)(B)." *Id.* at 232, 121 S.Ct. 714. Thus, Petitioner's argument that the Magistrate Judge misconstrued *Lopez* is without merit.

■ However, Petitioner is correct that the *Lopez* Court failed to address one challenge hurdled at the BOP regulation— whether the regulation satisfied the notice and comment requirements of the Administrative Procedure Act (APA). *Id.* at 244 n. 6, 121 S.Ct. 714. The Ninth Circuit in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir.2008) did reach this issue and concluded that the regulation was improperly promulgated under the APA. Specifically, the *Arrington* Court found that the BOP "failed to set forth a rationale for its decision to categorically exclude prisoners convicted of offenses involving the carrying, possession, or use of firearms from eligibility for a sentence reduction under § 3621(e)." *Id.* at 1114. As a result, the Ninth Circuit found the regulation to be invalid. *Id.*

To begin, as the Magistrate Judge noted, the Ninth Circuit's holding is not binding on this Court. *See e.g., Virginia Soc'y*

*for Human Life, Inc. v. Fed. Election Comm'n*, 263 F.3d 379, 393 (4th Cir.2001) (observing that "a federal court of appeals's decision is only binding within its circuit."). Further, the overwhelming majority of district courts that had addressed the issue had declined to follow *Arrington*. *See* Report at 4 (collecting cases). However, a recent unpublished decision from the Seventh Circuit did cite *Arrington* with approval. *See Alnoubani v. Federal Bureau of Prisons*, No. 08–1685, 2009 U.S.App. LEXIS 134 at \*5–6 (7th Cir. Dec. 22, 2008) (discussing *Arrington* and remanding case to district court for failure to consider merits of APA claim). Thus, a closer examination of the *Arrington* decision is warranted.

The *Arrington* Court applied § 706(2)(A) of the APA, which provides that a court reviewing agency action shall "hold unlawful and set aside agency action, findings, and conclusions found to be—(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706. In applying this arbitrary and capricious standard, the *Arrington* court relied on two Ninth Circuit cases for the proposition that agency action is valid only if a reasonable basis exists for its decision, *Kern County Farm Bureau v. Allen*, 450 F.3d 1072, 1076 (9th Cir.2006), and a reasonable basis exists where the agency "articulated a rational connection between facts found and the choices made." *Ranchers Cattlemen Action Legal Fund v. U.S. Dep't of Agriculture*, 415 F.3d 1078, 1093 (9th Cir.2005). Finding no such reasonable basis for the BOP's regulation regarding § 924(c) offenders, the *Arrington* Court held that the final rule was invalid under the APA. *Arrington*, 516 F.3d at 1114.

■ As noted in the Report, the Fourth Circuit applies a different standard regarding what type of explanation an agen-

cy must provide for its action. "While an 'agency must examine the relevant data and articulate a satisfactory explanation for its action[,] including a rational connection between the facts found and the choice made,' courts will 'uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.'" *1000 Friends of Maryland v. Browner,* 265 F.3d 216, 238 (4th Cir.2001) (citation omitted).

Viewing the BOP's rule in its entirety, the Court agrees that the BOP could have more lucidly explained why it excluded inmates convicted under § 924(c) from the early release program. However, when viewed in light of its regulatory history involving several different versions within a ten-year period, each of which had been construed differently among the federal courts, and the fact that circuit splits continued until *Lopez,* the agency's path can be reasonably discerned. As stated in the rule, the BOP was attempting to create a regulation that would allow for "uniform" and "consistent" application to all federal prisoners. Drug Abuse Treatment: Early Release Consideration, 65 Fed.Reg. 80745, 80747 (Dec. 22, 2000). *See also Minotti v. Whitehead,* 584 F.Supp.2d 750, 765 (D.Md. 2008) ("Closer examination of *Arrington* reveals the fatal flaw in the Ninth Circuit's reasoning. The BOP provided an explanation for why it exercised its discretion to categorically exclude rather than include an entire class of inmates: it was concerned about uniformity.... However, that was not an explanation that the Ninth Circuit was willing to accept and, as such, the Ninth Circuit substituted its judgment for that of the agency.")

To summarize, applying the standards articulated by the Fourth Circuit, the Court concludes that the BOP's rule provides a sufficient rationale for excluding persons convicted under § 924(c) from early release consideration. The BOP was concerned about uniformity in application

within the various circuits. Applying arbitrary and capricious review, the Court refuses to substitute its judgment for that of the BOP. *See Virginia Agriculture Growers Ass'n, Inc. v. Donovan,* 774 F.2d 89, 93 (4th Cir.1985) (discussing arbitrary and capricious review and noting that "Court is not empowered to substitute its judgment for that of the agency.")

 As an alternative basis for dismissing Petitioner's petition, the Court notes that effective today, March 16, 2009, the BOP has adopted a new version of the regulation at issue in this case. As noted above, this version, codified at 28 C.F.R. § 550.55, is basically identical to the former version codified at § 550.58. However, in contrast to the prior version, the new final rule contains a much more detailed rationale regarding why inmates convicted of carrying, possessing, or using a firearm in connection with a drug trafficking crime are ineligible for early release consideration. The BOP's revised rationale states,

> Under 18 U.S.C. 3621(e), the Bureau has the discretion to determine eligibility for early release consideration (*See Lopez v. Davis,* 531 U.S. 230 [121 S.Ct. 714, 148 L.Ed.2d 635 (2001)]). The Director of the Bureau exercises discretion to deny early release eligibility to inmates who have a felony conviction for the offenses listed in § 550.55(b)(5)(i)-(iv) because commission of such offenses illustrates a readiness to endanger the public. Denial of early release to all inmates convicted of these offenses rationally reflects the view that, in committing such offenses, these inmates displayed a readiness to endanger another's life.

> The Director of the Bureau, in his discretion, chooses to preclude from early release consideration inmates convicted of offenses involving carrying, possession or use of a firearm and offenses that present a serious risk of physical

force against person or property, as described in § 550.55(b)(5)(ii) and (iii). Further, in the correctional experience of the Bureau, the offense conduct of both armed offenders and certain recidivists suggests that they pose a particular risk to the public. There is a significant potential for violence from criminals who carry, possess or use firearms. As the Supreme Court noted in *Lopez v. Davis,* "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life." *Id.* at 240 [121 S.Ct. 714]. The Bureau adopts this reasoning. The Bureau recognizes that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentences.

It is important to note that these inmates are not precluded from participating in the drug abuse treatment program. However, these inmates are not eligible for early release consideration because the specified elements of these offenses pose a significant threat of dangerousness or violent behavior to the public. This threat presents a potential safety risk to the public if inmates who have demonstrated such behavior are released to the community prematurely. Also, early release would undermine the seriousness of these offenses as reflected by the length of the sentence which the court deemed appropriate to impose.

Drug Abuse Treatment Program, 74 Fed. Reg. 1892, 1895 (Jan. 14, 2009). Although it is not explicitly stated in this rule, it is apparent that the BOP was trying to avoid the issue addressed in *Arrington.* Unlike the prior rule, the new rule makes clear that inmates convicted under § 924(c) are not entitled to early release consideration because they pose a potential safety risk to the public. Thus, if the new rule were to apply to Petitioner's case, his APA argument would be without merit because the new rule provides a detailed rationale for the inclusion of § 924(c) offenders in the list of inmates who fail to qualify for early release consideration.

■■ The more difficult legal issue is whether this new rule should apply to Petitioner's case. The general rule in the statutory context is that "[a]bsent an express directive from Congress, [a court] must apply a newly enacted statute to pending cases unless doing so would give the statute 'retroactive effect.'" *Alexander v. Boyd,* 113 F.3d 1373, 1387 (4th Cir.1997). The same logic applies in the regulatory context. A regulation has "retroactive effect" when its application "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Fernandez–Vargas v. Gonzales,* 548 U.S. 30, 37, 126 S.Ct. 2422, 165 L.Ed.2d 323 (2006). As noted above, the new regulation itself, though codified in a different location, is virtually identical to the prior regulation. Further, the BOP's position relative to Petitioner remains the same—he was ineligible for early release before and he remains ineligible for early release now. The only thing that is different, as to § 924(c) offenders, is that the BOP has provided a detailed rationale for why those offenders are ineligible for early release consideration. Thus, the Court concludes that applying the regulation to Petitioner's case would not have "retroactive effect," as that term has been defined by the Supreme Court.

■■ Stated differently, "where a new rule constitutes a clarification—rather

than a substantive change—of the law as it existed beforehand, the application of that new rule to pre-promulgation conduct necessarily does not have an impermissible retroactive effect, regardless of whether Congress has delegated retroactive rule-making power to the agency." *Levy v. Sterling Holding Co., LLC,* 544 F.3d 493, 506 (3rd Cir.2008). *See also Brown v. Thompson,* 374 F.3d 253, 259 (4th Cir. 2004) (applying same rule to statutory amendment context). To determine whether an amendment constitutes a clarification or a change, courts look to statements of intent made by the agency. *Id.*

In this case, the BOP's summary of the regulatory changes states that the changes are intended to "streamline and clarify" the regulations. Drug Abuse Treatment Program, 74 Fed.Reg. 1892, 1892 (Jan. 14, 2009). Further, as noted above, the language of the new regulation relating to inmates convicted for carrying, possession, or use of a firearm almost mirrors the language in the old regulation. In short, the Court finds that the new rule and regulation merely clarifies the BOP's position and would not have impermissible retroactive effect if applied in this case. Therefore, applying the new regulation, the Court concludes that Petitioner's APA-based challenge fails.

Petitioner's remaining objections are without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report to the extent it is not inconsistent with this Order and incorporates it herein. Therefore, it is the judgment of this Court that Respondents' motion to dismiss the petition is **GRANTED.**

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION

PAIGE J. GOSSETT, United States Magistrate Judge.

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondents' motion to deny habeas petition (Docket Entry 13). The petitioner, David Ray Hicks ("Hicks"), a federal prisoner who is proceeding *pro se,* filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hicks challenges the decision of the federal Bureau of Prisons ("BOP") that he is not eligible for early release upon completion of a residential drug treatment program due to his conviction for violating 18 U.S.C. § 924(c), which BOP categorizes as a crime of violence in all cases. (Pet., Docket Entry 1.)

On July 31, 2008, the respondents filed a motion to deny habeas petition.[1] By order filed August 1, 2008, pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 14.) Hicks responded in opposition to the respondents' motion. (Docket Entry 16.) The respondents' motion is now before the court for a Report and Recommendation.

## BACKGROUND

Hicks pled guilty in April 2006 in the United States District Court for the Eastern District of Kentucky to various charges, including using and carrying firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(I)(A)(i). (Docket Entry 1-2 at 1.) He is currently serving a term of seventy-eight months at the Federal Correctional Institution ("FCI") in Edgefield, South

---

1. The court is construing this as a motion to dismiss.

Carolina. With credit for good conduct, Hicks's projected release date is currently February 1, 2012. (Docket Entry 1–2 at 14.)

## DISCUSSION

Pursuant to 18 U.S.C. § 3621(e)(2)(B), Congress granted to BOP the discretion to grant early release to prisoners who successfully complete a residential drug treatment plan. *Id.* (stating that the period of custody *"may* be reduced" by BOP). In implementing this provision, BOP promulgated regulations providing for categorical denials of consideration of early release where a prisoner has been convicted of certain offenses. *See* 28 C.F.R. § 550.58. Specifically, BOP excludes from early release consideration of inmates whose current offense is a felony

 (A) [t]hat has as an element, the actual, attempted, or threatened use of physical force against the person or property of another; or

 (B) [t]hat involved the carrying, possession, or use of a firearm or other dangerous weapon....

28 C.F.R. § 550.58(a)(vi). Further, in BOP's Program Statement 5162.04, Hicks's offense is listed as being considered a "crime of violence" in all cases. (Program Statement ¶ 6(a), Docket Entry 13–2 at 3–4.)

BOP's regulation has been upheld by both the United States Supreme Court and the United States Court of Appeals for the Fourth Circuit. *Lopez v. Davis,* 531 U.S. 230, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001); *Cunningham v. Scibana,* 259 F.3d 303 (4th Cir.2001). Moreover, Paragraph 6 of the Program Statement was specifically upheld by the Fourth Circuit in *Cunningham. Cunningham,* 259 F.3d at 306.

Relying on *Arrington v. Daniels,* 516 F.3d 1106 (9th Cir.2008), Hicks contends that 28 C.F.R. § 550.58 was improperly promulgated under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A). In *Arrington,* the United States Court of Appeals for the Ninth Circuit found that, although BOP's interpretation of § 550.58 had been upheld by the United States Supreme Court in *Lopez* and by the Ninth Circuit in *Bowen v. Hood,* 202 F.3d 1211 (9th Cir.2000), neither court had considered the distinct issue of whether § 550.58 was properly promulgated under the APA. Reviewing the explanation of BOP offered in the administrative record of the promulgation of § 550.58, the Ninth Circuit found that BOP had not "articulated a rational connection between the facts found and the choices made." *Arrington,* 516 F.3d at 1112 (quoting *Ranchers Cattlemen Action Legal Fund v. U.S. Dep't of Agric.,* 415 F.3d 1078, 1093 (9th Cir.2005)). Essentially, the Ninth Circuit found that, although the rule adopted by BOP was reasonable in substance, it nevertheless failed APA review because BOP failed to "comply with its procedural responsibility to articulate in the administrative record the rational basis upon which it relied in promulgating the rule." *Arrington,* 516 F.3d at 1115.

The Ninth Circuit's holding in *Arrington* is not controlling on this court. *See, e.g., Virginia Soc'y for Human Life, Inc. v. Fed. Election Comm'n,* 263 F.3d 379, 393 (4th Cir.2001) (observing that "a federal court of appeals's decision is only binding within its circuit.") The Fourth Circuit has not adopted the Ninth Circuit's technical requirement that the basis for an agency's decision be expressly and fully explained in the administrative record of the promulgation of its regulation. Rather, in reviewing agency action, the Fourth Circuit requires that the agency's rationale for its decision be reasonably discernible. *See 1000 Friends of Maryland v. Browner,* 265 F.3d 216, 238 (4th Cir.2001) ("While an 'agency must examine the relevant data and articulate a satisfactory explanation

for its action[,] including a rational connection between the facts found and the choice made,' courts will 'uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.'") (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983)). Moreover, six district courts considering challenges to 28 C.F.R. § 550.58 based on the *Arrington* case have declined to follow the Ninth Circuit's holding. *See Minotti v. Whitehead,* 584 F.Supp.2d 750 (D.Md.2008) (finding that the Ninth Circuit failed to consider whether certain requirements of the APA apply to 28 C.F.R. § 550.58 and Program Statement 5162.04 and finding that *Arrington* was not consistent with Fourth Circuit precedent); *Ortiz v. Owens,* C/A No. 9:08–3270, 2009 WL 62203 (D.S.C. Jan. 9, 2009) (declining to follow the holding in *Arrington* ); *Neal v. Grondolsky,* C/A No. 08–2477, 2008 WL 4186901 (D.N.J. Sept. 9, 2008) (rejecting the *Arrington* holding pursuant to the United States Supreme Court decision in *Lopez* ); *Sinclair v. Eichenlaub,* C/A No. 2:07–12967, 2008 WL 5235981 (E.D.Mich. Dec. 15, 2008) (disagreeing with *Arrington* and finding 28 C.F.R. § 550.58 is not invalid under the APA); *Gatewood v. Outlaw,* C/A No. 2:08CV00054, 2008 WL 2002650 (E.D.Ark. May 08, 2008) (rejecting the *Arrington* holding pursuant to the United States Supreme Court decision in *Lopez* ); *Baxter v. Quintana,* C/A No. 08–91, 2008 WL 5115046 (W.D.Pa. Dec. 4, 2008) (declining to follow *Arrington* and concluding that the agency's decision may be "reasonably discerned"). Notably, two of these district courts were applying Fourth Circuit precedent. Accordingly, this court also declines to follow the reasoning of *Arrington* and invalidate a regulation that has been previously upheld by the United States Supreme Court and the Fourth Circuit.

## RECOMMENDATION

Hicks has failed to show that he is entitled to relief based on 28 U.S.C. § 2241, as his challenge to 28 C.F.R. § 550.50 and Program Statement 5162.04 must fail under controlling precedent. The court therefore recommends that the respondents' motion to deny habeas petition (Docket Entry 13) be granted.

February 25, 2009, Columbia, South Carolina.