**Francis A. MUOLO, Appellant**

v.

**Warden Francisco QUINTANA.**

No. 09–1213.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Aug. 27, 2009.

Opinion filed Sept. 23, 2009.

---

Francis A. Muolo, McKean FCI, Bradford, PA, for Plaintiff–Appellant.

Jennifer R. Andrade, Esq., Robert L. Eberhardt, Esq., Laura S. Irwin, Esq., Office of the United States Attorney, Pittsburgh, PA, for Appellee.

Before: MCKEE, FISHER, and CHAGARES, Circuit Judges.

OPINION

PER CURIAM.

Francis A. Muolo, a federal prisoner, appeals from an order of the United States District Court for the Western District of Pennsylvania denying his habeas corpus petition filed under 28 U.S.C. § 2241, in which he claims that the Federal Bureau of Prisons ("BOP") wrongfully denied him eligibility for early release despite his participation in a substance abuse treatment program. More specifically, Muolo claims that the regulation the BOP applied to deny his eligibility for early release, 28 C.F.R. § 550.58(a)(1)(vi)(B) (2000), is invalid in light of two decisions from the United States Court of Appeals for the Ninth Circuit. We will summarily affirm because Muolo's appeal presents no substantial question. *See* 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.

## I.

### A.

Under 18 U.S.C. § 3621(e)(2)(B), the BOP may reduce the term of a federal prisoner convicted of a "nonviolent offense" if the prisoner successfully completes a substance abuse treatment program. Congress did not define the statutory term "nonviolent offense." In 1995, the BOP published a regulation, 28 C.F.R. § 550.58, that implemented the statute's "nonviolent offense" criteria by denying early release to inmates whose "current offense is determined to be a crime of violence as defined in 18 U.S.C. § 924(c)(3)," as well as to inmates who had a prior state or federal conviction for homicide, forcible rape, robbery, or aggravated assault. Drug Abuse Treatment Programs: Early Release Consideration, 60 Fed.Reg. 27692, 27695 (May 25, 1995). The BOP also issued a Program Statement further defining "crimes of violence" to include drug trafficking offenses under 21 U.S.C. § § 841 and 846 if the offender received a two-level sentence enhancement for possessing a dangerous weapon during the commission of the offense. U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement No. 5162.02: Definition of Term "Crimes of Violence," § 9 (April 23, 1996). The BOP explained that it considered a drug offense that included the weapons-possession sentencing enhancement to be a "crime of violence" because "possession of a dangerous weapon during the commission of a drug offense poses a substantial risk that force may be used against persons or property." *Id.*

The Courts of Appeals then divided over the validity of the BOP's definition of "crime of violence." The agency's regulation, 28 C.F.R. § 550.58, relied upon the statutory definition of "crime of violence" in 18 U.S.C. § 924(c), but its Program Statement extended that definition to include drug offenses under 21 U.S.C. §§ 841 and 846 with sentencing enhancements for possession of a dangerous weapon. And those offenses had generally not been regarded by federal courts to be crimes of violence within the meaning of 18 U.S.C. § 924(c). *Compare, e.g., Pelissero v. Thompson,* 170 F.3d 442, 447 (4th Cir. 1999) (upholding the regulation and Program Statement), with *Roussos v. Menifee,* 122 F.3d 159, 164 (3d Cir.1997) (finding the Program Statement invalid). This split among the Circuits caused the BOP to publish an interim regulation in 1997 that attempted to avoid the circuit split and allow uniform application of its denial criteria throughout its institutions. The BOP removed the language from 28 C.F.R. § 550.58 that referenced the statutory definition of crimes of violence. It then made categorical denials of early release "[a]s an exercise of the discretion vested in the Director" of the BOP. Drug Abuse Treatment and Intensive Confinement Center Programs: Early Release Consideration, 62 Fed.Reg. 53690, 53691 (Oct. 15, 1997). The 1997 regulation continued to deny early release to prisoners convicted of drug offenses with sentencing enhancements for the possession of a firearm: "The following categories of inmates are not eligible for early release ... [i]nmates whose current offense is a felony ... [t]hat involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives." 28 C.F.R. § 550.58(a)(1)(vi)(B) (1997).

In 2000, the interim rule became final without change. Drug Abuse Treatment and Intensive Confinement Center Programs: Early Release Consideration, 65 Fed.Reg. 80745 (Dec. 22, 2000). As it had in its 1997 Federal Register notice, the BOP once again explained that the regulation was revised to avoid the ramifications of the circuit split: "The first interim rule attempted to define the term 'crime of violence' pursuant to 18 U.S.C. § 924(c)(3). Due to varying interpretations of the regulation and caselaw, the Bureau could not apply the regulation in a uniform and consistent manner. The third interim rule sought to resolve this complication." *Id.* at 80747.

Between the publication of the 1997 interim regulation and the 2000 final regulation, a circuit split again developed, this time on whether the BOP had the discretion to make the categorical denial of early release set forth in 28 C.F.R. § 550.58(a)(1)(vi)(B). The Supreme Court resolved the issue in *Lopez v. Davis,* 531 U.S. 230, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001), in which the Court held that 18 U.S.C. § 3621(e)(2)(B) grants the BOP the discretion to decide whether to reduce a prisoner's sentence. 531 U.S. at 241, 121 S.Ct. 714. The Court further held that the regulation denying prisoners convicted of a felony that involved possession of a dangerous weapon is a permissible exercise of that discretion:

> Having decided that the Bureau may categorically exclude prisoners based on their preconviction conduct, we further hold that the regulation excluding Lopez [28 C.F.R. § 550.58(a)(1)(vi)(B) ] is permissible. The Bureau reasonably concluded that an inmates's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision.

*Id.* at 244, 121 S.Ct. 714.

After *Lopez,* the Ninth Circuit issued two opinions holding that the 1997 interim regulation and the 2000 final regulation

were invalid. In *Paulsen v. Daniels,* 413 F.3d 999 (9th Cir.2005), the Ninth Circuit held that the 1997 interim regulation was invalid because it became effective immediately and thus violated the notice and comment requirements of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 *et seq.* In *Arrington v. Daniels,* 516 F.3d 1106 (9th Cir.2008), the Ninth Circuit held that the 2000 final regulation was invalid under section 706(2)(A) of the APA, which requires a reviewing court to set aside a final agency action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," because the BOP did not give a rationale for its action. 5 U.S.C. § 706(2)(A). Although the BOP gave two reasons for its decision to categorically deny early release to prisoners convicted of felonies involving the possession of firearms—public safety and a desire to be able to uniformly apply its regulation despite the circuit split over the 1995 regulation—the Ninth Circuit rejected both. It dismissed the public safety reason because it was not in the administrative record, but only in the agency's brief to the Supreme Court. *Id.* at 1113. Therefore, the court rejected the public safety reason as the "post hoc rationale" of appellate counsel. The *Arrington* court also rejected the uniformity rationale because it did not explain why the agency chose to achieve uniformity through a rule of exclusion when other approaches could also achieve that goal. *Id.* at 1114.

The BOP recently published another final regulation, 28 C.F.R. § 550.55 (effective March 16, 2009), which continues to categorically deny early release to prisoners convicted of a felony that involved the possession of a dangerous weapon. Drug Abuse Treatment Program: Subpart Revision and Clarification and Eligibility of D.C.Code Felony Offenders for Early Release Consideration, 74 Fed.Reg. 1892 (Jan. 14, 2009); 28 C.F.R. § 550.55(b)(5)(ii). In the Federal Register notice, the BOP states that the Director of the Bureau is exercising his discretion to deny early release to such prisoners because "there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentences." *Id.* at 1895. The BOP also reiterated the rationale the agency presented to the Supreme Court—using a quotation from the *Lopez* decision—and stated that the BOP "adopts this reasoning." *Id.*

**B.**

Turning to the present appeal, Muolo is serving a fifty-seven-month sentence at the Federal Correctional Institution in McKean, Pennsylvania, for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1). His projected release date, assuming the application of good time credit, is March 2, 2010. In December 2007, staff at FCI McKean determined that Muolo is not eligible for early release despite participation in a substance abuse treatment program because 28 C.F.R. § 550.58(a)(1)(vi)(B) applies to his situation: Muolo received a two-level sentence enhancement because he possessed a dangerous weapon at the time of his arrest. Muolo's administrative appeals of this decision were denied. He then filed a federal habeas petition claiming the BOP regulation was invalid under *Paulsen* and *Arrington.* The parties consented to having the matter decided by a magistrate judge pursuant to 28 U.S.C. § 636(c), who denied the petition on January 9, 2009, finding no merit in Muolo's claims. *Muolo v. Quintana,* 593 F.Supp.2d 776, 787 (W.D.Pa.2009). Muolo timely appealed to this Court and the government filed a

motion seeking summary affirmance of the order of the District Court.

## II.

■ Muolo first claims that he is entitled to habeas relief on the basis of the Ninth Circuit's decision in *Paulsen,* which held that the 1997 interim version of 28 U.S.C. § 550.58(a)(1)(vi)(B) was invalid because the BOP did not adhere to the notice and comment requirements of the APA. As the District Court explained, this claim lacks merit for the simple reason that Muolo was not denied eligibility for early release under the 1997 interim regulation. Rather, he was denied under the 2000 regulation that was finalized after a notice and comment period. Thus, *Paulsen* does not apply to Muolo's situation and cannot provide a basis for habeas relief.

Muolo's second claim is based solely on the *Arrington* decision, which held that the 2000 final regulation was invalid under section 706(2)(A) of the APA because the BOP failed to provide a sufficient reason in the administrative record for the regulation. To date, no court outside of the Ninth Circuit has followed *Arrington.* On the contrary, the decision has been vigorously criticized by many district courts, as well the Eighth Circuit, the only Court of Appeals to have yet addressed the *Arrington* decision.

■ In *Gatewood v. Outlaw,* the Eighth Circuit rejected *Arrington* as "contrary to the Supreme Court's decision in *Lopez* " and held that the BOP's uniformity and public safety rationales provided sufficient justification for the 2000 regulation. 560 F.3d 843, 846 (8th Cir.2009). According to the Eighth Circuit, the *Arrington* court "erred when it disregarded the BOP's public safety rationale" simply because that rationale was not expressed in the Federal Register notice for the 2000 final regulation. *Id.* at 847. Public safety was the contemporaneous rationale for the regula-

tion, as recognized by the Supreme Court in *Lopez,* and was not merely the post hoc rationalization of appellate counsel. *Id.* at 848. Moreover, the Eighth Circuit noted that the BOP has consistently maintained a public safety basis for the regulation in Program Statements. *Id.* Finally, the court found that the BOP had strong substantive and administrative interests in applying its policy decisions uniformly throughout its institutions, providing an additional justification for the regulation. *Id.* at 848–49. The District Court in the present case came to this conclusion, *Muolo,* 593 F.Supp.2d at 786–87, as have many other district courts. *See, e.g., Hicks v. Fed. Bureau of Prisons,* 603 F.Supp.2d 835, 840 (D.S.C.2009); *Ables v. Eichenlaub,* No. 08–204, 2009 WL 722287, *6–*7, 2009 U.S. Dist. LEXIS 25103 at *17–*18 (N.D.Fla., Mar. 18, 2009) (collecting cases); *Minotti v. Whitehead,* 584 F.Supp.2d 750, 764–65 (D.Md.2008). We likewise do not find the reasoning of *Arrington* persuasive.

The scope of judicial review of agency rulemaking under the APA's "arbitrary and capricious" provision, 5 U.S.C. § 706, is "narrow, and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983). A regulation may be found arbitrary and capricious "if the agency relied on facts other than those intended by Congress, did not consider 'an important aspect' of the issue confronting the agency, provided an explanation for its decision which 'runs counter to the evidence before the agency,' or is entirely implausible." *Rite Aid of Pennsylvania, Inc., v. Houstoun,* 171 F.3d 842, 853 (3d Cir.1999) (quoting *State Farm,* 463 U.S. at 43, 103 S.Ct. 2856). A reviewing court "may not supply a reasoned basis for the agency's action that the agency itself has not given," but may "uphold a decision

of less than ideal clarity if the agency's path may reasonably be discerned." *State Farm*, 463 U.S. at 43, 103 S.Ct. 2856.

Here, we agree with the District Court and the Eighth Circuit that the BOP articulated a sufficient rationale for 28 C.F.R. § 550.58(a)(1)(vi)(B). Although the public safety rationale was not explicit in the Federal Register notices for the 1997 or 2000 regulations, it can "reasonably be discerned" from the regulatory history and attendant litigation. The BOP amended the regulation due to its inability to uniformly apply the 1995 version after a circuit split developed on its validity in light of the BOP's Program Statements. The BOP referred to the circuit split in both its 1997 and 2000 Federal Register notices. *See* 62 Fed.Reg. 53690; 65 Fed. Reg. 80745, 80747. As the circuit court litigation focused on the BOP's Program Statements and the BOP referred to that litigation in its notices regarding the regulations, it is both reasonable and appropriate to consider those Program Statements when discerning the agency's rationale for the 1997 and 2000 regulations. *See Gatewood*, 560 F.3d at 847.

Protecting public safety is the express reason given in the Program Statements for the BOP's decision to categorically deny early release to prisoners convicted of drug offenses with sentence enhancements for possession of a dangerous weapon: possession of a dangerous weapon during the commission of a drug offense "poses a serious potential risk that force may be used against persons or property." U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement 5162.04: Categorization of Offenses, § 7(b) (Oct. 9, 1997); Program Statement 5162.02, § 9. Indeed, courts reviewing the validity of the 1995 regulation recognized that public safety was BOP's rationale for its rule—well before the litigation of *Lopez* in the Supreme Court. *See, e.g., Pelissero*, 170 F.3d at 445

(quoting the district court's conclusion that it is "entirely reasonable and certainly not arbitrary for the BOP to equate gun possession and drug dealing with violence, thus supporting its interpretation of not being a 'nonviolent offense' "); *Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir.1997) (the BOP's "determination that a sufficient nexus exists between the offenses at issue and a substantial risk of violence is a valid exercise of discretion which this Court will not disturb").

We also find it significant that the Supreme Court has upheld the reasonableness of the 1997 regulation *and* its public safety rationale: the BOP "reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence." *Lopez*, 531 U.S. at 244, 121 S.Ct. 714. The *Arrington* court discounted this aspect of *Lopez*, concluding that the Supreme Court did not "address whether the agency itself articulated" the public safety rationale because the Court cited counsel's arguments rather than the administrative record. 516 F.3d at 1115–16. We, however, cannot so readily conclude that the Supreme Court failed to consider whether the public safety rationale was legitimate—i.e., whether it was the BOP's contemporaneous rationale for the regulation and not merely an after-the-fact justification developed for the litigation—when the Court chose to evaluate the reasonableness of that rationale as part of determining the regulation's validity. *Cf. Gatewood*, 560 F.3d at 848 (noting that there "is simply no reason to suspect that public safety was not the actual basis" for the regulation given the BOP's "primary public safety mission").

Finally, the regulation facially manifests a concern for public safety because it also denies early release to prisoners who have

a prior conviction for homicide, forcible rape, robbery, aggravated assault, or child sexual abuse; prisoners whose current offense is a felony that has an element of actual, attempted, or threatened use of physical force against a person or property; and prisoners whose current offense "by its nature or conduct" presents a serious potential risk of physical force against a person or property, or involves child sexual abuse offenses. 28 C.F.R. § 550.58(a)(1)(iv), (vi)(A), (C), (D). *See Muolo,* 593 F.Supp.2d at 787.

For these reasons, we agree with the District Court that 28 C.F.R. § 550.58(a)(1)(vi)(B) is not arbitrary and capricious within the meaning of section 706 of the APA. Accordingly, we will grant Appellees' motion and will summarily affirm the District Court's order denying Muolo's habeas petition. We deny as moot Appellant's motion for an order on Appellee's motion.